UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS, | Case No. 1:22-cv-00721-HBK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915 (g)[2] |
| v. | |
| THERESA CISNEROS FICHES, JOHN DOE, CHARLES RETTIG STEVEN MUNCHIN, QUELITA S. BOURGEOLE,[1] | (Doc. No. 2) |
| | FOURTEEN-DAY OBJECTION PERIOD |
| Defendants. | ORDER TO ASSIGN TO DISTRICT JUDGE |

Plaintiff Marvin Harris, a state prisoner initiated this action by filing a pro se prisoner civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1, "Complaint"). Plaintiff seeks to proceed *in forma pauperis*. (Doc. No. 2). For the reasons discussed below, the undersigned recommends the District Court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three dismissals that constitute strikes and the Complaint does not establish Plaintiff meets the imminent danger exception.

---

[1] It is difficult to discern Plaintiff's handwriting, but he appears to file a claim against Quelita S. Bourgeole. (Doc. 1 at 5). Plaintiff also appears to use, interchangeably, "Q.S.B." and Quelita S.B. when referring to Defendant Quelita S. Bourgeole.

[2] This matter was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2022).

## BACKGROUND AND FACTS

Plaintiff's Complaint consists of twenty-three (23) handwritten pages. (Doc. No. 1 at 1-23). The caption identifies Fiches, Theresa Cisneros, and John Doe as Defendants. (*Id*. at 1). While not identified in the caption, the complaint also contains allegations against Charles Rettig, Steven Munchin, and Quelita S. Bouiscote. (*Id*. at 4, 5). To the extent discernable, Plaintiff alleges Fiches violated his First Amendment rights for withholding his mail (*Id*. at 3); a claim against Charles Rettig and Steven Munchin for refusing to give Plaintiff his "stimulus check" (*Id*. at 4); and a claim against Quelita S. Bourgeole, Theresa Cisneros, Steven Munchin, and Charles Rettig for using "threats of violence, intimidation, or coercion to prevent the Plaintiff from doing something he or she had the legal right to do or force the Plaintiff to do something that he or she was not legally required to do" (*Id*. at 5). Plaintiff does not provide any further information about the threats of violence, intimidation, or coercion or what he was prevented from doing. (*See generally id*.). Plaintiff also does not provide dates for when the allegations within the Complaint occurred or where the allegations occurred.

As relief, Plaintiff states he is seeking "[a]ttorney for 4,000,000.00 and compensatory damage 2.5 million also punitive damages 1.2 million and accord to proof 9.9 million." (*Id*. at 23).

## APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious,

2

or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

In order to avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, No. 19-17093, ___ F. 4th ___, 2022 WL 1073607, at *6 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial

3

outcome would *redress* that injury." *Id*. at *7 (adopting test as articulated by Second Circuit, citation omitted). The three-strikes litigant must meet both requirements of the nexus test to proceed. *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions. *Cervantes*, 493 F.3d at 1053; *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have found that the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. *Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005). Other courts have first afforded the plaintiff an opportunity to pay the filing fee before dismissing the case. *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*, No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March 13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

4

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act. As the United States Supreme Court noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726. And the three strikes provision, in particular, was aimed "to disincentivize frivolous prisoner litigation." *Hoffman v. Pulido*, 928 F.3d 1147, 1148-49 (9th Cir. 2019).

## ANALYSIS

### A. Plaintiff Has Three or More Qualifying Strikes

A review of the Pacer Database[3] reveals Plaintiff has filed at least 45 civil actions or appeals in a court of the United States. Although not exhaustive, for purposes of these findings and recommendations, each of the following cases are properly deemed qualifying § 1915(g) strikes and each was entered before Plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
| --- | --- | --- |
| November 27, 2000 | *Harris v. K. Edmonds*, Case No. 1:00-05857-OWW-LJO (E.D. Cal. 2000) | Adopting Findings and Recommendations to dismiss the amended complaint as frivolous and for a failure to state a claim. |
| March 15, 2002 | *Harris v. Cheryl Pliler*, Case No. 2:01-cv-01125-WBS-DAD (E.D. Cal. 2002) | Adopting the Amended Findings and Recommendations finding first amended complaint failed to state a claim. |
| May 28, 2002 | *Harris v. K. Edmonds*, 1:00-cv-07160-REC-SMS (E.D. Cal. 2002) | Adopting Findings and Recommendations to dismiss third amended complaint for failure to state a claim and to comply with a court order. |

As evidenced above, Plaintiff has had three or more qualifying strikes for purposes of § 1915(g).

### B. The Imminent Danger Exception Does Not Apply

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the

---

[3] *See* http://156.128.26.105/LitigantCase.aspx?PersonID=6929 (National Pro Se Database); http://pacer.usci.uscourts.gov.

5

1 Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical
2 injury as of the date the complaint is filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th
3 Cir. 2007). Liberally construing the Complaint, the undersigned finds it contains no plausible
4 allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury at the
5 time he filed the action to invoke the § 1915(g) exception. (*See generally* Doc. No. 1). As noted
6 above, the Complaint is devoid of any fact about the threats of violence, intimidation, or coercion.
7 (*See generally id.*). While Plaintiff alleges that he has encountered "threats," such allegations are
8 insufficient to qualify as imminent danger of serious physical harm. The law requires that there
9 must be a nexus between the imminent danger that Plaintiff alleges and the claims he asserts in
10 the Complaint. Without providing more facts, simply asserting that he experienced unspecified
11 vague threats does not show imminent danger under § 1915(g). *Cruz v. Pfeiffer*, No. 1:20-CV-
12 01522-AWI-SAB-PC, 2021 WL 289408, at *2 (E.D. Cal. Jan. 28, 2021).

13     ACCORDINGLY it is **ORDERED**:
14     The Clerk of Court randomly assign a United States District Judge for consideration of
15 these Findings and Recommendations.
16     It is further **RECOMMENDED**:
17     1.     Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED under §
18 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.
19     2.     This action be DISMISSED without prejudice to re-filing the action upon pre-
20 payment of fees at the time the action is refiled; or, the District Court first afford the Plaintiff an
21 opportunity to pay the filing fee and direct the Clerk to automatically dismiss the case if Plaintiff
22 fails to pay the filing fee in the time provided.

23                          NOTICE TO PARTIES

24     These findings and recommendations will be submitted to the United States district judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14)**
26 **days** after being served with these findings and recommendations, a party may file written
27 objections with the Court. The document should be captioned "Objections to Magistrate Judge's
28 Findings and Recommendations." Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   June 28, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE